**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 96-40054
Summary Calendar
_____


JOVITA HERRERA VARELA,
as Administrator and Legal Representative
of the Estate of José Manuel Varela,

Plaintiff-Appellant,

VERSUS

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(M-94-CV-167)
_____

July 18, 1996


Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]


The plaintiff appeals a summary judgment.  The issue is whether plaintiff can recover under the uninsured motorist coverage applying to a vehicle not owned by plaintiff's decedent.  The policy states that a person who is not a family member is covered only while "occupying" the covered vehicle.  "Occupying" means "in,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

upon, getting in, on, out or off."

We affirm on the basis of the able Memorandum and Order filed by the district court on December 18, 1995.  Viewing the summary judgment record, the court stated, correctly, that

> [t]here is absolutely nothing to suggest that [the decedent] was ever 'occupying' the trailer at any time. There is no evidence that at the time of this unfortunate accident, the decedent was either in or upon the trailer, nor was he getting in, on, out or off of it. . . . [He] had definitely concluded the process of getting off the van and had already cleared the immediate risk of alighting.  He never began the process of getting on or in the trailer.  He therefore was not "occupying" either vehicle . . . .

AFFIRMED.